**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50591 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-00590-H-8 |
| v. | |
| JUAN RAUL PEREZ-ZAMORANO, AKA Juan Daniel Zarco, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, United States District Judge, Presiding

Submitted May 12, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Defendant-appellant Juan Raul Perez-Zamorano ("Perez") appeals from a

final judgment convicting him of one count of conspiracy to distribute at least 500

grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Perez

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pleaded guilty to the crime without a plea agreement, and the district court sentenced him to 168 months imprisonment. On appeal, Perez claims that the district court erred by not decreasing his offense level due to his role in the drug conspiracy and by increasing his offense level because the methamphetamine was imported from outside the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Perez waived review of both of these claims.

The facts of this case are known to the parties. We do not repeat them.

When a defendant "has both invited [an] error, and relinquished a known right, then the error is waived and therefore unreviewable." *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc). Pursuant to this analytic framework, we examine whether the defendant was "aware" of the omitted element or affirmative request and "proposed or accepted" the omission or request. *Id*.

Here, Perez was aware of both the lack of a level decrease for his role in the conspiracy and the two level increase for imported methamphetamine. The Presentence Investigation Report clearly recommended that no adjustment be made for Perez's role in the conspiracy and that he receive an importation increase. Perez did not object to these recommendations and, at sentencing, he accepted the court's treatment of these factors.

2

Indeed, Perez not only accepted this analysis without objection but he *proposed* the exact same treatment in the Sentencing Summary Chart that he filed. Perez recommended an advisory guidelines range of 168 to 210 months. The district court agreed with his recommendation and sentenced him to the least amount of time within that range, 168 months. The invited error doctrine precludes our review of his claims because "[t]o hold otherwise would be to permit [Perez] to invite the [district] court to err and then complain of the error [that he] suggested." *United States v. Segura-Del Real*, 83 F.3d 275, 278 (9th Cir. 1996) (applying the doctrine against a defendant who recommended a sentencing methodology and then argued on appeal that "the district court erred by employing such a methodology").

**AFFIRMED.**